IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **10-cv-00123-JLK**

**C & M TOWING & RECOVERY, INC.,** a Colorado corporation,

    Plaintiff,

v.

**REDLAND INSURANCE CO.,** a New Jersey corporation

    Defendant.

___

ORDER REMANDING CASE TO STATE COURT
___

KANE, J.

    This breach of contract/bad faith insurance action is before the court on Defendant's Notice of Removal (Doc. # 1). To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, Courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *McPhail v. Deere &* Co., 529 F.3d 947, 952 (10th Cir. 2008). When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.* at 953.

While in its Notice of Removal Defendant does assert the existence of the $75,000 jurisdictional amount in controversy, the primary bases for the assertion is Plaintiff's Civil Cover Sheet and Plaintiff's failure to respond to Defendant's request that Plaintiff "explain the basis of his statement on the Civil Cover Sheet that the claim had a value in excess of $100,000." *See* Notice of Removal, Doc. # 1, at p. 3. A Colorado Civil Case Cover Sheet is neither a pleading nor an exhibit, and does not constitute evidence from which the existence of the jurisdictional amount in controversy can be adduced. *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1215 (D.Colo. 2007). Under established Tenth Circuit law, therefore, reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible to establish removal jurisdiction. *See id.* Likewise, plaintiff's failure to stipulate that the amount in controversy is less than $75,000 does not constitute sufficient evidence to satisfy the amount in controversy requirement. To the extent that the actual amount in controversy is supported by facts contained in the record, it does not fulfill the statutory requirement.[1]

---

[1] Plaintiff claims damages in the amount of $30,322.71, and it seeks a claim for double the contractual benefits pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116 for a potential recovery of $60,645.42. Subtracting the amount already issued by Defendant, $16,685.18, the total amount in controversy in this case, absent the production of any additional evidence by Defendant, appears to be $43,960.24.

This case is REMANDED to the District Court for the City & County of Denver, Colorado.

Dated January 21, 2010.

                                               **s/John L. Kane**
                                               SENIOR U.S. DISTRICT JUDGE